# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 12-42718-CJP |
| ROBERT MATEER, JR., | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| DAVID W. OSTRANDER, CHAPTER 7 | ) | |
| TRUSTEE, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff | ) | No. 16-04020-CJP |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL VAN DAM, ESQ. AND VAN | ) | |
| DAM LAW LLP, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF DECISION

Defendants Michael Van Dam, Esq. and Van Dam Law LLP (together, "Van Dam")

move to dismiss the complaint filed by the chapter 7 trustee, David W. Ostrander (the "Trustee"),

for failure to state a claim. The Trustee asserts that Van Dam committed malpractice by failing to

record a declaration of homestead for debtor Robert Mateer, Jr.'s real property before filing his

bankruptcy case and, later, by failing to dismiss Mr. Mateer's chapter 13 case instead of

converting it to chapter 7. For the reasons set forth below, the purported malpractice claims are

not property of the estate, and the Trustee does not have standing to assert them. As such, the

Trustee's complaint will be dismissed.

1

I.    Jurisdiction

The determination of whether the malpractice claims asserted by the Trustee are property of the estate under 11 U.S.C. § 541(a)[1] is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § and 1334 and Local Rule 201 of the United States District Court for the District of Massachusetts.

II.    Background[2]

Mr. Mateer filed his chapter 13 petition on July 25, 2012. Van Dam represented Mr. Mateer and had been engaged as bankruptcy counsel on July 9, 2012. When Mr. Mateer filed bankruptcy, he had not yet recorded a declaration of homestead for his property located at 93 Webster Street in Douglas, Massachusetts (the "Property"). On April 10, 2013, Mr. Mateer converted his chapter 13 case to a case under chapter 7.

On March 24, 2016, the Trustee commenced this adversary proceeding by filing a complaint in which he alleges that Van Dam committed malpractice while representing Mr. Mateer. First, the Trustee asserts that Van Dam was negligent in failing to record a declaration of homestead covering Mr. Mateer's property before Mr. Mateer filed his bankruptcy case. According to the Trustee, Van Dam's failure to ensure that a declaration was recorded before filing resulted in Mr. Mateer being only able to claim a Massachusetts homestead exemption in the Property in the amount of $125,000. The Trustee asserts that, if the declaration of homestead

---

[1] All section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

[2] In determining this Motion to Dismiss, the Court must "'accept as true all well-pled facts alleged in the complaint and draw all reasonable inferences in [the plaintiff's] favor.' *Evergreen Partnering Grp., Inc. v. Pactiv Corp.*, 720 F.3d 33, 36 (1st Cir. 2013). A plaintiff's allegations are sufficient to overcome a Rule 12(b)(6) motion if they contain 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)." *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 485 (1st Cir. 2016).

had been recorded prepetition, Mr. Mateer would have been able to claim a $500,000 exemption in the Property, which, in turn, would have prevented the Trustee from obtaining a $34,502.46 judgment against Mr. Mateer. The Trustee obtained the judgment after Mr. Mateer sought a declaratory judgment in adversary proceeding no. 13-04045 that approximately $126,000 in insurance proceeds Mr. Mateer received in December 2012 and January 2013 for prepetition winter storm damage to the Property were exempt under the Massachusetts homestead exemption.

The Trustee also alleges that Van Dam committed malpractice when, on motion by Mr. Mateer filed by Van Dam, Mr. Mateer's chapter 13 case was converted to chapter 7 instead of being dismissed. According to the Trustee, conversion allowed the Trustee to obtain a judgment in adversary proceeding no. 14-04036 denying Mr. Mateer's discharge, leaving Mr. Mateer potentially liable for more than $58,000 of unsecured debt, $82,000 in tax debts, and "other potential 'deficiency' debts." Compl. ¶ 28. Although not clear from the complaint, the Trustee alleged at the hearing that Van Dam was negligent in converting Mr. Mateer's case because dismissal would have allowed Mr. Mateer to refile bankruptcy and possibly obtain a discharge of his debts.

The Trustee asserts that the causes of action "are assets of the Bankruptcy Estate which the Trustee has a fiduciary obligation to administer." He seeks compensatory damages for the alleged malpractice.

On April 25, 2016, Van Dam filed a Motion to Dismiss the complaint (Adv. Doc. No. 7) (the "Motion"). The Trustee filed an objection (Adv. Doc. No. 11) (the "Objection") to the Motion. After a hearing, the Court gave the parties an opportunity to submit supplemental briefs

regarding the Trustee's standing and whether the claims constitute property of the estate. Both

parties filed further briefs.

III.    <u>Positions of the Parties</u>

Van Dam asserts in the Motion that the Trustee has failed to state a claim for which relief

can be granted under Federal Rule of Civil Procedure 12(b)(6), made applicable to this

proceeding by Federal Rule of Bankruptcy Procedure 7012. According to Van Dam, the Trustee

cannot establish that Mr. Mateer was denied his discharge because Van Dam failed to dismiss

Mr. Mateer's chapter 13 case. Rather, the Court denied Mr. Mateer's discharge because it found

that Mr. Mateer failed to disclose the insurance claims and payments related to the Property. Van

Dam does not explain why the Trustee's homestead malpractice claim does not state a claim

upon which relief can be granted, other than arguing that the failure to record the declaration of

homestead prepetition did not cause Mr. Mateer's discharge to be denied. Van Dam argues that

public policy prevents the Trustee from seeking to recover on the malpractice claims, because

the Trustee is "stepping into the shoes of the debtor [and thus] can be said to have unclean hands

and / or is in *pari delicto*." Mot. 2. In a footnote in his brief, Van Dam also questions whether the

Trustee has standing to prosecute the claims.

In his Objection, the Trustee merely reiterates the arguments made in the complaint and

asserts that the *in pari delicto* defense is a "red herring." Obj. 2. He distinguishes First Circuit

case law and urges the Court to follow other cases holding that the *in pari delicto* defense "does

not apply to claims brought by innocent successors." Obj. 4.

Van Dam filed a response (Adv. Doc. No. 12) (the "Response") to the Objection. In the

Response, Van Dam asserts that the *in pari delicto* doctrine does indeed apply and that the

4

Trustee failed to address the lack of causation underlying the Trustee's claims. Van Dam asserts that the Trustee's focus on the alleged malpractice is irrelevant because the Trustee admitted in the complaint that Mr. Mateer's improper conduct caused the Court to deny Mr. Mateer his discharge.[3] Van Dam also posits that the *in pari delicto* cases that the Trustee relies upon "are inapposite. . . . [and] the view seemingly espoused by the Trustee has been rejected in the First Circuit." Resp. 3.

Finally, Van Dam argues that the Trustee does not have standing to pursue the malpractice claims for the reasons relied on by the court in *Casey v. Grasso (In re Riccitelli)*, 320 B.R. 483 (Bankr. D. Mass. 2005). According to Van Dam, the malpractice claims are not a part of the bankruptcy estate under §§ 348(f)(1)(A) and 541(a)(1) because they did not accrue before Mr. Mateer's bankruptcy case commenced. Van Dam asserts that the homestead malpractice claim is not property of the estate because it accrued postpetition, as Mr. Mateer was allegedly harmed by the failure to file a declaration of homestead only when he could have claimed the exemption after filing the bankruptcy case. Van Dam further asserts that the Trustee conceded at the hearing that the earliest any malpractice claim regarding dismissal could have accrued was upon conversion. Once Mr. Mateer's chapter 13 case was converted to chapter 7, Van Dam asserts that property of the estate included only Mr. Mateer's legal or equitable interests in property as of the time his case commenced which were still in his possession or under his control, *see* §§ 348(f)(1)(A), 541(a)(1), not any property that Mr. Mateer acquired while the chapter 13 case was pending, *see* § 1306(a)(1). Therefore, Van Dam submits, that the conversion

---

[3] Van Dam also raises for the first time in a footnote to the Response a statute of limitations defense as to the homestead malpractice claim.

malpractice claim was not property of the estate at the time Mr. Mateer commenced his chapter 13 bankruptcy case.

The Trustee asserts that he does have standing. He argues that the holdings in *Riccitelli* and *In re de Hertogh*, 412 B.R. 24 (Bankr. D. Conn. 2009) can be distinguished from the facts of this case. In those cases, the Trustee asserts, a bankruptcy trustee "had already obtained a recovery for the benefit of the Bankruptcy Estate as a result of the alleged malpractice committed by counsel to the debtor(s) and, arguably, were attempting to 'double dip,'" Pl.'s Suppl. Br. 1, whereas here Mr. Mateer has yet to make any payment on the $34,384.75 judgment. The Trustee also asserts, relying on *Segal v. Rochelle*, 382 U.S. 375 (1966) and *In re Tomaiolo*, 205 B.R. 10 (Bankr. D. Mass. 1997), that even though the malpractice claims were discovered and may have accrued after Mr. Mateer's bankruptcy petition was filed, the claims are so rooted in the prepetition period that they may be considered property of the estate. Van Dam's failure to record the declaration of homestead was allegedly a prepetition event because, according to the Trustee, recording it postpetition "was of no consequence." Pl.'s Supp. Br. 2. The Trustee does not specifically address the conversion malpractice claim or its prepetition roots.[4]

IV.   Discussion

   a.   Homestead Malpractice Claim

"[S]tanding is a threshold issue, determining whether the court has the power to hear the case, and whether the putative plaintiff is entitled to have the court decide the merits of the case."

---

[4] The Trustee also argues that it is unlikely that Mr. Mateer would pursue the malpractice claims, as Van Dam has "no incentive to inform [the] client that he may have malpractice claims" and Mr. Mateer may not even know that the claims exist. Pl.'s Supp. Br. 3. Under such circumstances, the Trustee contends that Mr. Mateer would be left "without a remedy." *Id.* Presumably, any proceeds of a malpractice claim brought by Mr. Mateer could be reached and applied in satisfaction of the judgment obtained by the Trustee.

*Libertad v. Welch*, 53 F.3d 428, 436 (1st Cir. 1995). Because the Court has determined that the

Trustee does not have standing to assert the causes of action contained in the complaint, the

adversary proceeding must be dismissed.

> "The essence of standing is that a plaintiff must have a personal stake in the outcome
> of the litigation. *Ramírez v. Sánchez Ramos*, 438 F.3d 92, 97 (1st Cir. 2006). To
> fulfill this personal stake requirement, the plaintiff 'must establish each part of a
> familiar triad: injury, causation, and redressability." *Katz v. Pershing, LLC*, 672 F.3d
> 64, 71 (1st Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61
> (1992))."
> . . . .
> Of course, standing [also] has a prudential aspect, which overlays its constitutional
> dimensions. *See Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d
> 658, 666 (1st Cir. 2010). These prudential considerations "ordinarily require a
> plaintiff to show that his claim is premised on his own legal rights (as opposed to
> those of a third party), that his claim is not merely a generalized grievance, and that
> it falls within the zone of interests protected by the law invoked." *Pagán v.
> Calderón*, 448 F.3d 16, 27 (1st Cir. 2006).

*Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 289-90 (1st Cir. 2013). Here, the Trustee

has legal rights to the malpractice claims only if they are property of the bankruptcy estate under §

541(a)(1). *See In re Ross*, 548 B.R. 632, 639 (Bankr. E.D.N.Y. 2016) ("The Chapter 7 trustee,

standing in the debtor's shoes, can maintain only those actions that the debtor could have brought

prior to or when she filed her bankruptcy petition"). For the reasons discussed below, the Court

concludes that the claims are not property of the estate, but rather are postpetition property of Mr.

Mateer. As such, the Trustee has no standing to pursue such claims.

The material facts of this case mirror those in *Riccitelli*. In *Riccitelli*, the bankruptcy court

granted a chapter 7 debtor's motion to dismiss an adversary proceeding after finding that the chapter

7 trustee lacked standing to assert a malpractice claim against the debtor's bankruptcy counsel for

failing to file prepetition a Massachusetts declaration of homestead. 320 B.R. at 492. The court

concluded that the trustee lacked standing because the malpractice claim was not property of the estate when analyzed under *Segal*. *Id.* at 491-92. The *Riccitelli* court explained:

> In determining whether a claim is sufficiently developed as of the petition date to constitute property of the debtor for purposes of inclusion or exclusion from the bankruptcy estate, the Court employs what is essentially a three-step process: (1) determine the extent to which the claim is rooted in the prebankruptcy past; (2) determine the extent to which it is entangled with the debtor's ability to make an unencumbered fresh start; and then (3) with both considerations in the balance, determine whether, in view of the purposes of the Bankruptcy Act (now the Bankruptcy Code), the claim is more properly categorized as prepetition property that should come into the estate or a postpetition asset that the Debtor should take free of the claims of prebankruptcy creditors. I agree with Judge Queenan that this analysis does not turn on whether, under state law, the claim had accrued as of the petition date. [*citing In re Tomaiolo*, 205 B.R. 10, 15 (Bankr. D. Mass. 1997).] The extent of a claim's accrual as of the petition date is relevant to determining the extent of its prepetition roots, but it is not the only factor and not necessarily a dispositive one. Nor will a claim be deemed property of the estate just because it has prepetition roots. *Segal* requires not just some prepetition roots, however attenuated, but that the cause of action be "*sufficiently* rooted in the prebankruptcy past." *Segal v. Rochelle*, 382 U.S. at 379-80 (emphasis added).

*Riccitelli*, 320 B.R. at 490-91.[5]  The *Riccitelli* court concluded that, while the failure to record the declaration of homestead before filing bankruptcy gave the malpractice claim prepetition roots, that claim was not property of the estate because the harm was not caused until the bankruptcy petition was filed and was not suffered by the debtor until after such filing. *Id.* at 491-92. The filing "effectively closed the door, making it impossible for the Debtor to have first filed a declaration of homestead, with the consequence that the Court sustained the Trustee's objection to the homestead exemption for failure to have recorded prepetition." *Id.* at 491.[6]

---

[5] Some courts do not follow *Segal's* multifaceted inquiry, instead considering only whether a cause of action has accrued under state law when the bankruptcy petition is filed to determine whether that claim is property of the estate. *De Hertogh*, 412 B.R. at 28. There does not appear to be any controlling authority in the First Circuit.

[6] As in this case, the trustee "focuse[d] entirely on the harm suffered by the Debtor *in his bankruptcy case*," and did

8

"In Massachusetts, as elsewhere, a claim for negligence requires, in addition to a duty of care and breach thereof, both causation and harm." *Riccitelli*, 320 B.R. at 491 (*citing Atlas Tack Corp. v. Donabed*, 712 N.E.2d 617, 621 (1999)). Because the filing of the bankruptcy caused the debtor harm (precluding him from recording a declaration of homestead and claiming the corresponding exemption after his bankruptcy petition was filed), "the claim cannot be deemed to have accrued prepetition." *Riccitelli*, 320 B.R. at 492; *cf. Tomaiolo*, 205 B.R. at 13 ("In Massachusetts, a malpractice claim accrues for statute of limitations purposes when there occurs a necessary coalescence of discovery and appreciable harm[,]" but concluding that such appreciable harm cannot be divorced from knowledge that is charged to a plaintiff) (internal quotation marks omitted). Because the debtor in *Riccitelli* lost "what otherwise would have been his protected equity," the harm was entangled with his ability to make an encumbered fresh start. *Id.* at 492.

The *Riccitelli* court also considered the fact that a debtor's exemption under the Bankruptcy Code is a right against the bankruptcy estate. *See id.* When that right to an exemption is lost, the estate receives a benefit. *Id.* Allowing the chapter 7 trustee to then recover on a malpractice claim arising from the debtor's loss "would be tantamount to giving the remedy to the party that derived a windfall from counsel's negligence instead of to the party that was harmed by it, taking the benefit of the exemption from the Debtor a second time." *Id.*

The Trustee attempts to distinguish Mr. Mateer's case from *Riccitelli* because there the trustee had obtained a recovery for the estate after the debtor's property was sold, whereas here

---

not assert that the debtor was harmed independently of any bankruptcy filing. 320 B.R. 491 n.16.

the Trustee has yet to recover on the estate's $34,384.75 judgment against Mr. Mateer. This

distinction is not sufficient to overcome the weight of the other factors. As in *Riccitelli*, the

Trustee has alleged that Van Dam failed to record a prepetition declaration of homestead on Mr.

Mateer's property, causing Mr. Mateer to lose the protection of a $500,000 Massachusetts

homestead exemption that would have otherwise rendered the insurance proceeds exempt.

According to the Trustee, this loss caused a $34,384.75 judgment to be entered against Mr.

Mateer in favor of the Trustee as to the portion of the insurance proceeds that were not exempt.

"[T]he prepetition roots of this claim, shallow to begin with, are overwhelmed by significant

postpetition events in the accrual of the claim and especially by the relation of the claim to the

Debtor's fresh start." *Riccitelli*, 320 B.R. at 492; *see also de Hertogh*, 412 B.R. at 27, 31

(concluding that chapter 7 debtors' malpractice claim against bankruptcy attorney for failure to

advise the debtors as to certain matters that "caused them to lose the $150,000 homestead

exemption to which they would have otherwise have been entitled" was not property of the

estate). Until Mr. Mateer filed his chapter 13 petition, no malpractice can be alleged to have been

committed and no harm had been suffered. While not dispositive, that no cause of action accrued

until the filing of the bankruptcy petition itself is another factor that weighs against any pre-

petition roots of the claim.

Section 541(a)(1) provides that, subject to exceptions not applicable here, commencing a

bankruptcy case "creates an estate [that includes] all legal or equitable interests of the debtor in

property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although § 1306

provides, in relevant part, that property of the estate in a chapter 13 case includes "all property of

the kind specified in [§ 541] that the debtor acquires *after* the commencement of the case but

10

before the case is closed, dismissed, or converted to a case under chapter 7," §§ 348(f)(1)(A) and (2) make clear that, in the absence of bad faith, conversion of a chapter 13 case to chapter 7 limits property of the estate to only that "property of the estate, *as of the date of filing of the petition*, that remains in the possession of or is under the control of the debtor on the date of the conversion." *See* 11 U.S.C. §§ 348(f)(1)(A) and (2) and 1306 (emphasis added). There has been no allegation of a bad faith conversion in this chapter 7 case, and, for the reasons above, Mr. Mateer did not possess a homestead malpractice claim at the time he commenced his bankruptcy case. As such, the claim is not property of the estate and the Trustee does not have standing to pursue it.

> b.  Conversion Malpractice Claim

The Trustee similarly cannot pursue the conversion malpractice claim because it is not property of the estate. Here, the Trustee's claim that Van Dam was negligent in converting instead of dismissing Mr. Mateer's already-pending bankruptcy case could not have existed before the bankruptcy case commenced. In fact, the Trustee conceded at the hearing that the earliest this malpractice claim could have accrued was upon conversion. This was not a claim rooted in any way in the prebankruptcy past. The alleged harm caused by conversion in lieu of dismissal, denial of Mr. Mateer's discharge, is entangled with Mr. Mateer's ability to make an unencumbered fresh start. For these reasons, the conversion malpractice claim could not be considered to be property of the estate at the time Mr. Mateer filed his bankruptcy petition and thus the Trustee does not have standing to pursue that claim.

11

V.    <u>Conclusion</u>

The Court need not address any of the parties' other arguments, having concluded that the

Trustee does not have standing to prosecute the malpractice claims asserted in the complaint. The

adversary proceeding is therefore dismissed. A separate order shall enter consistent with this

memorandum.

Dated: September 30, 2016                                    By the Court,

                                                             _____
                                                             Christopher J. Panos
                                                             United States Bankruptcy Judge